**SO ORDERED.**

**SIGNED this 25th day of March, 2024.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
In re:                          )
                                )
David Wayne Schamens,           )          Chapter 7
                                )          Case No. 23-10483
        Debtor.                 )
_____ )
```

**ORDER DIRECTING CLERK OF COURT TO TRANSMIT NOTICE OF APPEAL TO
DISTRICT COURT AND DENYING MOTION TO CERTIFY DIRECT APPEAL TO
FOURTH CIRCUIT COURT OF APPEALS**

On March 21, 2024, Debtor filed a document titled Notice of

Appeal.  ECF No. 206.  In the one-page document, Debtor states

the following:

> On February 8, 2024, the Court issued an order titled "Order
> Granting Application to Employ Realtor Angela Wilkie (doc
> 169). A motion to re-consider this order was timely filed
> on February 20, 2024. That motion was denied by Court order
> on March 19, 2024 (doc 202). Thus, pursuant to the Federal
> Rules of Bankruptcy Procedure, Notice of Appeal directly to
> the 4th Circuit Court of the United States is hereby timely
> given.

Id.  The Court has liberally construed[1] Debtor's document as (1)

---

[1] The Court must construe filings by pro se litigants liberally.  See Haines
v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972).

1

a notice of appeal filed under Rule[2] 8002 and 28 U.S.C. § 158, and (2) a motion for certification of direct review in the United States Court of Appeals for the Fourth Circuit under Rule 8006 and 28 U.S.C. § 158(d)(2). The Court will direct the clerk of court to transmit Debtor's appeal to the district court, and will deny Debtor's motion for certification of direct review in the Fourth Circuit.

On February 20, 2024, Debtor timely filed a Motion to Reconsider the Court's Order Authorizing Employment of Realtor. The Court held a hearing on Debtor's Motion to Reconsider on March 12, 2024. On March 19, 2024, the Court entered its Order Denying Debtor's Motion to Reconsider. ECF No. 202. Under Rule 8002(b)(1)(c), the time for Debtor to file an appeal of the Court's Order Authorizing Employment of Realtor began running under Rule 8002(a) from the entry of the Court's Order Denying Debtor's Motion to Reconsider. Debtor filed his Notice of Appeal of that order on March 21, 2024 – two days after entry of the order. Accordingly, Debtor's Notice of Appeal was timely filed under Rule 8002. Under Rule 8003(a)(2), the failure of Debtor to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers

---

[2] References to "Rule ___" herein shall refer to the Federal Rules of Bankruptcy Procedure unless otherwise specified.

2

appropriate, including dismissing the appeal. Rule 8003(a)(2). Accordingly, despite other deficiencies, Debtor's appeal was timely filed and is effective as of the date it was filed. The Court will direct the clerk of court to transmit Debtor's Notice of Appeal to the district court.

Although Debtor's appeal was effective as of the date the Notice of Appeal was filed, the bankruptcy court retains jurisdiction to decide Debtor's motion for certification of direct appeal under Rule 8006(b) for thirty days after the Notice of Appeal is filed. Fed. R. Bankr. P. 8006(b); see In re Glass, 613 B.R. 33, 34 (Bankr. M.D. Fla. 2020). Rule 8006(b) states that the certification must be filed with the clerk of court where the matter is pending. Further,

> [f]or purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order, or decree for which direct review is sought. A matter is pending in the district court or BAP thereafter.

Rule 8006(b).

28 U.S.C. § 158(d)(2) provides that the court of appeals, rather than the district court, shall have jurisdiction of appeals from judgments, orders, and decrees of the bankruptcy court, if, among other avenues, the bankruptcy court certifies that one of three circumstances exists:

> (i) the judgment, order or decree involves a question of law as to which there is no controlling decision of the

3

court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

§ 158(d)(2)(A).

The Notice of Appeal is procedurally defective. Rule 8006 governs the procedural requirements for a request for certification of direct appeal. The party seeking certification by the Court must file a request that includes (A) the facts necessary to understand the question presented, (B) the question itself, (C) the relief sought, (D) the reasons why the direct appeal should be allowed, including which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) applies, and (E) a copy of the judgment, order, or decree and any related opinion or memorandum. Fed. R. Bankr. P. 8006(f)(2). Debtor has not satisfied any of these procedural requirements.

These procedural defects similarly render Debtor's request substantively ineffective. Debtor has not asserted that any of the circumstances exist with respect to this Court's Order Authorizing Employment of Realtor, and the record does not reflect any basis on which such a certification could be made. Having reviewed the record in this case and considered the issues before the Court, none of the circumstances required for

4

certification under 28 U.S.C. § 158(d)(2) exist with respect to the Order Authorizing Employment of Realtor. Accordingly, the Court will deny Debtor's motion for certification of direct review in the United States Court of Appeals for the Fourth Circuit.

Now, therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that (1) the clerk of court is directed to transmit Debtor's Notice of Appeal to the United States District Court for the Middle District of North Carolina, and (2) Debtor's motion for certification of direct review in the United States Court of Appeals for the Fourth Circuit is denied. Nothing in this order should be construed to relieve Debtor from any procedural requirement with respect to the appeal, nor should this order be construed to determine that the order granting the application to employ constitutes a final order for purposes of 28 U.S.C. § 158.

[END OF DOCUMENT]

Daniel C. Bruton
Bell, Davis & Pitt, P.A.
600 Century Plz
100 N Cherry St
P.O. Box 21029
Winston-Salem, NC 27120

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

Brian R. Anderson
Fox Rothschild LLP
230 N Elm St, Suite 1200
Greensboro, NC 27401

Charles N. Anderson, Jr.
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636

Carter Bank & Trust
1300 Kings Mountain Rd
Martinsville, VA 24112

David Wayne Schamens
812 Northern Shores Pt
Greensboro, NC 27455

Daufuskie Lending Partners LLC
c/o Webstone, Inc.
2633 Lincoln Blvd, Ste 333
Santa Monica, CA 90405

Piedmont Natural Gas
P.O. Box 1246
Charlotte, NC 28201-1246

Duke Energy
P.O. Box 70516
Charlotte, NC 28272

Brian Focht
P.O. Box 18667
Charlotte, NC 28218

Northern Shores HOA
c/o Higgins Benjamin
301 N Elm St, Ste 800
Greensboro, NC 27401

Lake Jeanette HOA
c/o Carolinas Law Finn
3623 N Elm St #200
Greensboro, C 27455

Weeks Flooring
c/o John Kirkman, Attorney
100 S Elm St, Ste 410
Greensboro, NC 27401

Aggie Investment LLC
33W061 Honey Hill Cir
Wayne, IL 60184